Good morning, again, Your Honors. May it please the Court. Ashley All for the United States. The government's position in this case is extremely straightforward. It is a contingent and fairly simple proposition that if the Court reverses, it should also reverse the fee judgment because it would change the analysis of who a prevailing party is. If the Court has any questions, I'm happy to answer them. Otherwise, I will submit on the government's brief. So if we reverse, you want us to what? If the Court reverses, then it should also reverse the fee award against the government because, of course, that will change whether a party is substantially prevailing under the statute. And that would be as a matter of law? Correct, Your Honor. If the Court has no questions, the government would submit. Brilliant presentation. Thank you, Your Honor. Good morning. May it please the Court. Joseph Dunn of Mintz-Levin on behalf of the Appellee Cornerstone Equity Fund, LLC. Is anybody representing? Okay. I just want to make sure no parties are represented. Let me set the record straight. There are two sets of appellants here. There's the government, which, as the government said, has a limited request for relief. I understand. And there's the main appellants who are contesting the underlying judgment. And it does not appear they're here to contest that judgment today. We heard that one of the lawyers had a seizure or something like that. Is that the lawyer for those folks? This is. And that was, I forget the time frame, but well over a year ago. And counsel, I understood at that time, was trying to associate in other counsel. Okay. So the seizure occurred a long time ago, right? Yes, Your Honor. Okay. It was not in recent days. Okay. So you're saying that he contacted you today, but when did the seizure occur? Today. He said the seizure occurred today, and you're saying the seizure occurred a year ago. What I understand is that there was a medical emergency. This was put on the record. Counsel had requested various extensions of time of his briefing schedule based on medical emergencies from an accident. Okay. Yes. Very well. Is there need to say anything else? Well, I defer to the bench. With respect to the merits of the judgment appeal, Your Honor, it's set forth clearly in our briefing. This is a case. So you're an appellee, right? I am. So you're looking for us to affirm. Yes, Your Honor. We're looking for you to affirm the judgment. And we've received your brief, and you have no arguments you need to respond to today unless we have questions or unless there's something else in particular you think needs to be said. Thank you, Your Honor. And does the bench have any questions? Any questions? I think we're okay. Thank you, Your Honor. And then with respect, if the court is going to affirm the judgment below, then based on the government's request, We didn't say that. Well, then let me address that briefly, Your Honor. The government's appeal is really not an appeal ascribing the error to the court's analysis below on the fee awards. It's only with respect to if the court reverses and finds that Cornerstone was not a prevailing claimant, then there should be reversal. Our position in our papers was this is really an issue for the district court under Rule 60B-5 to revisit if there is a vacating of the award, which we don't believe there should be here. And so the judgment, excuse me, the appeal by the government is not really an appeal. It's more of a conditional request. And that's why we had asked for it. Protective position. Exactly. And that's all I have. Does the government have anything else to add? All right. Well, we thank you in this unusual argument, but the case just sort of kind of argued as submitted.
judges: Schroeder, Clifton, M. Smith